# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **T.C., D.C., and E.C.**

**No. 18-0195** (Cabell County 16-JA-4, 5, and 7)

**FILED**

**June 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother D.T., by counsel Eric B. Anderson, appeals the Circuit Court of Cabell County's February 1, 2018, order terminating her parental rights to T.C., D.C., and E.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem for T.C. ("guardian for T.C."), Michael S. Bailey, filed a response on behalf of that child in support of the circuit court's order. The guardian ad litem for D.C. and E.C. ("guardian"), Cathy L. Greiner, filed a response on behalf of those children in support of the circuit court's order. Petitioner filed a reply brief. On appeal, petitioner argues that the circuit court erred in denying her an improvement period and terminating her parental rights without a petition that contained specific factual allegations against her.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court vacates the circuit court's February 1, 2018, dispositional order and the circuit court's January 30, 2018, adjudicatory order, as they relate to petitioner, and remands the case to the circuit court for the filing of an amended petition naming petitioner as a respondent.[2] This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

In January of 2016, the DHHR filed a petition against the father and step-mother of T.C., D.C., and E.C. alleging that D.C. was sexually abused by her paternal grandfather and that both D.C. and E.C. were sexually abused by T.C. Additionally, the DHHR alleged that the step-

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]As we find that the circuit court erred in terminating petitioner's parental rights without a petition that contained specific factual allegations against her, we find it unnecessary to address petitioner's other assignments of error on appeal.

mother locked the children in their rooms to keep them from "stealing food" in the middle of the night. The DHHR alleged that the father indicated that petitioner's parental rights to the children were previously terminated and that he exercised sole custody over the children. However, the father's statement proved to be untrue; petitioner retained her parental rights and the right to visitation with the children. The father and step-mother waived their preliminary hearings.[3]

In March of 2016, petitioner appeared at the adjudicatory hearing in the father and step-mother's case and was appointed counsel. The circuit court ordered petitioner to participate in certain services. Further, the parties noted that an amended petition naming petitioner as a respondent and alleging abuse and/or neglect by her would be required. However, the DHHR admits on appeal that no such amended petition was filed.

The circuit court held an adjudicatory hearing in April of 2017 and found that petitioner was an abusing parent on the basis of her admitted lack of support and lack of meaningful contact and visits with the children. In November of 2017, the circuit court held a dispositional hearing, wherein it denied petitioner's motion for an improvement period and concluded that it was in the best interest of the children to terminate her parental rights. The circuit court's decision was memorialized by its February 1, 2018, order. Petitioner now appeals that order.[4]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

---

[3]When the children were removed from the father's custody, T.C. was already placed at River Park Hospital as required by a concurrent juvenile delinquency petition. That petition alleged that T.C. inappropriately touched a female classmate while at school.

[4]The father relinquished his parental rights to the children during these proceedings. According to the parties, E.C. and D.C. are in separate foster homes with a permanency plan of adoption in their respective homes. T.C is currently in a long-term treatment facility and transitioning to a lower-security facility. According to his guardian, T.C. will require further treatment before a permanent placement can be identified.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without a petition containing specific factual allegations of abuse and neglect against her. Petitioner argues that the initial petition named only the father and step-mother of the children and did not contain any allegations that she abused or neglected the children. Although the parties agreed below that an amended petition including petitioner as a respondent was required, no such petition was ever filed. Upon our review of the record, we agree with petitioner and find that the circuit court erred.

West Virginia Code § 49-4-601(b) provides "[t]he petition shall allege specific conduct including time and place, [and] how the conduct comes within the statutory definition of neglect or abuse with references thereto. . . ." *See also State v. Scritchfield*, 167 W.Va. 683 691-92, 280 S.E.2d 315, 321 (1981)(holding that a "petition must set forth specific allegations of fact sufficient to inform the parent of the nature of the condition or conduct which constitutes or is likely to result in neglect"). Further, this Court has held that petitions that fail to allege specific conduct and do not meet the statutory guidelines are deficient and must be amended. *Id.* 167 W.Va. at 691-92, 280 S.E.2d at 320-21.

It is clear from the record and the briefs on appeal that an amended petition naming petitioner as a respondent and alleging specific conduct that constitutes abuse and/or neglect of the children was never filed.[5] This lack of formal allegations deprived petitioner of due process and the opportunity to properly tailor her defense. Further, we have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). The circuit court's failure to require a petition that contains specific factual allegations against petitioner is a substantial disregard of the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes, requiring vacation of the circuit court's orders as to petitioner.

For the foregoing reasons, we vacate the circuit court's February 1, 2018, dispositional order and the January 30, 2018, adjudicatory order, as they relate to petitioner, and remand this matter to the circuit court for the filing of a petition naming petitioner as respondent in 16-JA-4, 5, and 7, and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code.[6] The circuit

---

[5]Although it is unclear whether petitioner properly objected to the lack of an amended petition below, West Virginia Code § 49-4-601(e)(6) provides that "[f]ailure to object to defects in the petition and notice may not be construed as a waiver."

[6]Based on respondents' representations and the record on appeal, the Court finds that the children's current temporary placement is appropriate and in their best interest at this time.

court is hereby ordered to hold the appropriate hearings and issue a final order in this case within sixty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**:  June 15, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Allen H. Loughry II, suspended and therefore not participating

---

Accordingly, we instruct the circuit court to maintain this temporary placement until such time as the circuit court is tasked with determining an appropriate permanent placement for the children pursuant to West Virginia Code § 49-4-604(b) and the applicable Rules of Procedure for Child Abuse and Neglect Proceedings.